IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL FREELAN SWANHORST | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv787 |
| BOB HUGHES, DIRECTOR, COLLIN COUNTY COMMUNITY SUPERVISION AND CORRECTIONS | § § | |

ORDER OF DISMISSAL

Petitioner Michael Freelan Swanhorst, an offender on community supervision, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The cause of action was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the petition should be denied.

Petitioner is challenging his Collin County conviction for Driving While Intoxicated. Petitioner claims he was denied the effective assistance of counsel, in violation of the Sixth Amendment. Magistrate Judge Nowak concluded that Petitioner failed to satisfy his burden of showing either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner objects to the Report of the Magistrate Judge, asserting the Report has looked at the *Strickland* issue in an unduly restrictive manner. However, "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations omitted). "The *Strickland* standard is a general one, so the range of reasonable applications is substantial." *Id.* This "doubly deferential" standard of review gives both the state court and the defense attorney the benefit of the doubt. *Ward v. Stephens*, 777 F.3d 250, 259 (5th Cir. 2015). "Recognizing the temptation for a

defendant to second-guess counsel's assistance after conviction or adverse sentence, the Court established that counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (internal quotation and citation omitted).

As the state courts found, there was nothing to alert counsel to Petitioner's alleged medical condition. Petitioner did not mention any of the symptoms of EXDS in his statements to the police officer nor did he mention to counsel that he was feeling dizzy or experiencing vertigo, loss of coordination, or confusion at the time of the offense. However, Petitioner admitted he had been drinking, was sleep deprived, was performing tests on a windy night, and had an injury that might have affected his balance, all plausible explanations for his conduct. Counsel's decision to rely on plausible, common-sense explanations for Petitioner's conduct was reasonable. Therefore, the Court agrees counsel's performance was not deficient. Accordingly, Petitioner has failed to show the state court determination concerning counsel's performance was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Further, Petitioner has failed to show prejudice with respect to counsel's conduct. Petitioner claims "[a] medical reason for the alleged symptoms of intoxication would likely have raised a reasonable doubt in the jurors' minds and in any event, would have offered a more compelling explanation than tiredness." However, the state appellate court found that, in addition to the trial court finding there was no evidence Petitioner was ever diagnosed with EXDS, he would have had to testify to present the defense and such testimony was ill-advised. If he testified, Petitioner would have been cross-examined about his prior DWI arrests; counsel opined he might not have withstood a thorough cross-examination; he would have had to admit he had been drinking before his arrest; and the jury would have been able to compare his courtroom speech, gait, and mannerisms to how Petitioner appeared on the video in evidence. Therefore, in light of the evidence in this case,

2

Petitioner has failed to show a reasonable probability that, but for counsel's performance, the result of the trial would have been different. Accordingly, the Court agrees Petitioner has failed to show the state court determination that he was not prejudiced by counsel's conduct was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Therefore, the Court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED** and the case is **DISMISSED** with prejudice. In addition, as the Magistrate Judge concluded, a certificate of appealability should not issue and is hereby **DENIED**. All other motions not previously ruled on are **DENIED**.

**SIGNED this 1st day of February, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE